## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL PATRICK SHEEHAN,** | : | **CIVIL ACTION NO. 1:21-CV-1147** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN ALLENWOOD-LOW,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

Before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to

28 U.S.C. § 2241 filed by petitioner Daniel Patrick Sheehan ("Sheehan"), a federal

inmate currently incarcerated at Federal Correctional Institution at Allenwood

Low, in White Deer, Pennsylvania.  For the reasons set forth below, the court will

dismiss the petition for lack of jurisdiction.

### I.    Factual Background & Procedural History

Sheehan's criminal matter proceeded in the United States District Court for

the Eastern District of New York as follows:

> By indictment filed on March 20, 2013, the defendant was charged in
> Count One with a "Hobbs Act Extortion" in that he allegedly
> "demanded money from the Home Depot Store in Huntington Station,
> New York via threatening letters and telephone calls to the store's
> manager" in violation of 18 U.S.C. § 1951, and, under Count Two, with
> the "Use of a Destructive Device to Commit [the] Extortion" charged in
> Count One in violation of 18 U.S.C. § 924(c)(1)(B)(ii).
>
> The case was tried before a jury over several days beginning on June
> 11, 2013.  During defendant's opening statement, he acknowledged his
> guilt as to Count One consistent with what he told members of law
> enforcement upon his arrest.  But he denied the allegations in Count
> Two upon the ground that the "pipe bomb" he secreted in the store

was not functional and thus the device was not a "destructive device" as defined by statute. The jury returned a verdict of guilty as to both counts. By Memorandum & Order, dated July 11, 2014, the Court denied defendant's motions pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, rejecting the contentions that he was entitled to acquittal or a new trial on the grounds that the "pipe bomb" was not a destructive device, he was denied a fair trial, and the jury charge was flawed. Sheehan was sentenced to a term of imprisonment of 30 years on Count Two (the mandatory minimum) and a consecutive term of imprisonment of one month on Count One.

On appeal, Sheehan continued to challenge his conviction under Count Two maintaining that the "pipe bomb" was not a "destructive device", that the prosecutor's summation deprived him of a fair trial, and that the jury instructions were erroneous. On September 23, 2016, the Second Circuit rejected defendant's arguments and affirmed his conviction.

. . .

In his [28 U.S.C. § 2255] petition, defendant asserts that his conviction on Count Two should be vacated as trial counsel rendered ineffective assistance in that (1) he failed to view discovery with defendant; (2) his loyalty was with the prosecution; (3) he "barred [defendant] from discussing Media lies while on the stand to the point [defendant] did not take the stand at all;" (4) he conceded defendant's guilt as to the extortion count when Sheehan "only attempted extortion;" (5) he failed to follow-up when defendant's PSR was not done for six months; (6) he moved defendant to a prison called GEO to make it easier on the US Marshals; and (7) he failed to make any pretrial motions or conduct any investigation. (DE 75 at 2-14.) As to "appellate" counsel, he claims that the counsel who represented him at sentencing and was supposed to represent him on appeal (1) failed to argue that defendant was entitled to a 3 point reduction for his crime being attempted extortion and not extortion; (2) would not email defendant and blocked his phone calls, and (3) farmed him out to co-counsel without consulting him. Further, that co-counsel never met him or discussed the appeals strategy, waived oral argument, and referred to him as delusional on appeal. (Id. at 15-19.) Lastly, defendant argues that the Supreme Court ruling in Johnson v. United States, [576] U.S. [591], 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) "eliminates attempted extortion as a violent crime worthy of supporting a 924c as a predicate offense." (Id. at 19-21.)

Sheehan v. United States, No. 16-CV-6385, 13-CR-186, 2018 WL 1796548, at *1 (E.D.N.Y. Apr. 16, 2018) (footnote omitted).  On April 16, 2018, the sentencing court denied the § 2255 motion and rejected each ineffective assistance of counsel claim. Id.  The sentencing court also held in abeyance the Johnson issue pending appointment of counsel and further briefing.  Id. at *8-9.  Sheehan subsequently withdrew the Johnson claim.  See United States v. Sheehan, No. 2:13-CR-186, Doc. 108 (E.D.N.Y. July 9, 2018).  On May 21, 2020, Sheehan filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) to set aside the April 16, 2018 Order denying his § 2255 motion.  Id., Doc. 112.  On April 1, 2021, the sentencing court denied Sheehan's Rule 60(b) motion.  Id., Doc. 120.  Sheehan filed an appeal with the Second Circuit Court of Appeals.  Id., Docs. 121, 123.  The appeal remains pending.  Sheehan v. United States, No. 21-1093 (2d Cir.).  On May 3, 2021, the sentencing court declined to issue a certificate of appealability and found that there was no "substantial showing of the denial of a constitutional right."  Sheehan, No. 2:13-CR-186, Doc. 122.

On September 5, 2018, Sheehan attacked his conviction under 28 U.S.C. § 2241.  Sheehan v. Howard, No. 1:18-CV-1748, Doc. 1 (M.D. Pa. Sept. 5, 2018).  On September 24, 2019, this court dismissed the petition for lack of jurisdiction.  Id., Docs. 25, 26.  Sheehan filed a timely notice of appeal.  Id., Doc. 27.  On April 8, 2020, the Third Circuit Court of Appeals affirmed the dismissal of the habeas petition. Sheehan v. Warden Allenwood FCI, 800 F. App'x 84 (April 8, 2020).  Thereafter, we denied petitioner's motion for relief from judgment.  Sheehan, No. 1:18-CV-1748,

Docs. 35, 36, aff'd Sheehan v. Warden Allenwood FCI, No. 21-1113, Doc. 9 (June 11, 2021).

Sheehan filed the instant petition seeking relief based on the following: (1) counsel was ineffective for failing to raise a Fourth Amendment claim; (2) counsel was ineffective for failing to object to improper jury instructions; (3) counsel improperly entered a guilty plea to extortion without Sheehan's consent; (4) counsel was ineffective for failing to address the prosecutor's statement that defense counsel had "[a] fundamental misunderstanding of the evidence"; (5) all claims of ineffective assistance of counsel constituted structural error; and (6) the evidence did not support the conviction. (Doc. 1 at 2-6). Sheehan claims that the remedy under § 2255 is inadequate or ineffective because the Eastern District of New York failed to follow the applicable law and denied him a certificate of appealability. (Id. at 4). He further claims that pursuing a second or successive § 2255 motion would be futile because the Second Circuit Court of Appeals "has been shown to be 'win at all costs'" and has not fairly adjudicated his claims. (Id.) Sheehan urges this court to overturn his conviction and release him from custody. (Id. at 6).

## II.    **Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply

for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In seeking to overcome these § 2241 barriers, Sheehan contends that a § 2255 motion is inadequate or ineffective to test the legality of his detention based on the

sentencing court's failure to follow the law, failure to address all of his claims, denial of his previous § 2255 motion, and denial of a certificate of appealability. (Doc. 1 at 4). Sheehan's arguments do not fall within the savings clause, as he does not allege that his claims are based on any newly discovered evidence, he has not demonstrated that an intervening change in the law made his conviction noncriminal, that he had no prior opportunity to challenge his conviction, and that he could not satisfy the standard for filing a second or successive § 2255 motion. See Dorsainvil, 119 F.3d at 251. The fact that Sheehan has already unsuccessfully pursued a § 2255 motion in the sentencing court does not show the inadequacy of that remedy. Neither does his assumption that any attempt in obtaining authorization from the Second Circuit to file another § 2255 motion would be futile. See Cradle, 290 F.3d at 539 (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."). Sheehan cannot seek further relief in this court merely because his § 2255 motion was unsuccessful. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the petition will be dismissed for lack of jurisdiction. An authorized second or successive § 2255 motion in the Eastern District of New York is a potential vehicle for relief on Sheehan's claims, not a § 2241 petition in this court.

**III.**    **<u>Conclusion</u>**

Sheehan's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order shall issue.



<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:        July 30, 2021