IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL PATRICK SHEEHAN,** : | CIVIL ACTION NO. 1:21-CV-1147 |
| : | |
| **Petitioner** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **WARDEN ALLENWOOD-LOW,** : | |
| : | |
| **Respondent** : | |

### MEMORANDUM

Petitioner Daniel Patrick Sheehan ("Sheehan"), an inmate in the custody of the Federal Bureau of Prisons, initiated this habeas action pursuant to 28 U.S.C. § 2241. (Doc. 1). On July 30, 2021, the court issued a Memorandum and Order dismissing the habeas petition for lack of jurisdiction. (Docs. 5, 6). Presently before the court is Sheehan's Rule 60(b) motion for relief from judgment. (Doc. 7). For the reasons set forth below, the court will deny the motion.

**I.    Background**

On July 28, 2021, Sheehan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction entered in the United States District Court for the Eastern District of New York for Hobbs Act extortion and use of a destructive device to commit extortion. (Doc. 1). On July 30, 2021, we summarily dismissed the petition for lack of jurisdiction. (Docs. 5, 6). Sheehan filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 9). On October 15, 2021, the Third Circuit Court of Appeals dismissed the appeal for failure to

prosecute. (Doc. 10; Sheehan v. Warden Allenwood FCI Low, No. 21-2614 (3d Cir. Oct. 15, 2021)).

Sheehan moves, pursuant to Federal Rule of Civil Procedure 60(b)(6), to set aside or correct the July 30, 2021 Memorandum and Order. (Doc. 7).

## II.     Discussion

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). The Rule 60(b)(6) catchall provision allows relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A Rule 60(b)(6) motion must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1). In order to obtain relief under Rule 60(b)(6), a petitioner must show the existence of "extraordinary circumstances." Gonzalez, 545 U.S. at 535; Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). "Such circumstances will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535. A showing of extraordinary circumstances involves a showing that without relief from the judgment, an "'extreme' and 'unexpected' hardship will result." Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)).

Sheehan has not established the requisite extraordinary circumstances. In the July 30, 2021 Memorandum, we noted that a § 2241 petition cannot be entertained by the court unless a § 2255 motion would be "inadequate or ineffective," and that Sheehan failed to meet this burden based on his arguments that the sentencing court failed to follow the applicable law, denied him a certificate

of appealability, and was biased.  (Doc. 5 at 5, citing Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002)).  We found that the sentencing court's denial of Sheehan's claims does not show that § 2255 is inadequate or ineffective.  (Id.)

In the instant motion for relief from judgment, Sheehan again argues that a § 2255 motion is inadequate because the sentencing court was biased and defied Supreme Court rulings.  (Doc. 7).  Sheehan set forth the same allegations in his habeas petition.  (Doc. 1).  It is clear that Sheehan simply disagrees with the court's determination that it lacks jurisdiction over the habeas petition.[1]  See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) aff'd, 31 F.3d 1175 (3d Cir. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."); see also Database America, Inc. v. Bellsouth 4 Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'").  Because Sheehan is inappropriately using his motion to reargue the same claims, the motion for relief from judgment will be denied.

---

[1] As stated in the July 30, 2021 Memorandum, a potential remedy for Sheehan's claims of bias and errors of law is an appeal of the sentencing court's denial of his § 2255 motion or an authorized second or successive § 2255 motion. (Doc. 5 at 6).

**III.     Conclusion**

We will deny Sheehan's Rule 60(b) motion for relief from judgment.  (Doc. 7). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:      December 21, 2021