## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL PATRICK SHEEHAN,** | : | **CIVIL ACTION NO. 1:21-CV-1147** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN ALLENWOOD-LOW,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Petitioner Daniel Patrick Sheehan ("Sheehan"), an inmate in the custody of the Federal Bureau of Prisons, initiated this habeas action pursuant to 28 U.S.C. § 2241. (Doc. 1). On July 30, 2021, the court issued a Memorandum and Order dismissing the habeas petition for lack of jurisdiction. (Docs. 5, 6). Presently before the court is Sheehan's second Rule 60(b) motion for relief from judgment. (Doc. 13). For the reasons set forth below, the court will deny the motion.

## I. <u>Background</u>

On July 28, 2021, Sheehan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction entered in the United States District Court for the Eastern District of New York for Hobbs Act extortion and use of a destructive device to commit extortion. (Doc. 1). On July 30, 2021, we summarily dismissed the petition for lack of jurisdiction. (Docs. 5, 6). Sheehan filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 9). On October 15, 2021, the Third Circuit Court of Appeals dismissed the appeal for failure to

prosecute.  (Doc. 10; <u>Sheehan v. Warden Allenwood FCI Low</u>, No. 21-2614 (3d Cir. Oct. 15, 2021)).

Sheehan previously filed a motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside or correct the July 30, 2021 Memorandum and Order. (Doc. 7).  On December 21, 2021, the court denied the motion for relief from judgment.  (Docs. 11, 12).

Sheehan brings the instant motion under Rule 60(b)(1) alleging that the court erred when it dismissed his habeas petition for lack of jurisdiction.  (<u>See</u> Doc. 13 at 2).

## II.   <u>Discussion</u>

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" on one of six grounds.  FED. R. CIV. P. 60(b).  Under subsection (1), a court may grant relief based on "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  The decision of whether to grant relief under Rule 60(b) "is within the sound discretion of the court."  <u>Lasky v. Cont'l Prods. Corp.</u>, 804 F.2d 250, 256 (3d Cir. 1986).  The Third Circuit "has emphasized that 'under well-established principles, Rule 60(b) is not a substitute for appeal."  <u>Singleton v. Beadle</u>, 839 F. App'x 671, 673 (3d Cir. 2021) (nonprecedential) (quoting <u>Page v. Schweiker</u>, 786 F.2d 150, 154 (3d Cir. 1986)).

Sheehan's motion reargues the same claims raised in his habeas petition. In the July 30, 2021 Memorandum, we noted that a § 2241 petition cannot be entertained by the court unless a § 2255 motion would be "inadequate or

ineffective," and that Sheehan failed to meet this burden based on his arguments that the sentencing court failed to follow the applicable law, denied him a certificate of appealability, and was biased.  (Doc. 5 at 5 (citing Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002)).  We found that the sentencing court's denial of Sheehan's claims does not show that § 2255 is inadequate or ineffective.  (Id.)  In the instant motion for relief from judgment, Sheehan again argues that a § 2255 motion is inadequate because the sentencing court failed to address all of his claims, denied his certificate of appealability, and "controlled the narrative of his crime, and strategically omitted important factors."  (Doc. 13 at 2).  It is clear that Sheehan simply disagrees with the court's determination that it lacks jurisdiction over the habeas petition.[1]  See Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of"), aff'd, 31 F.3d 1175 (3d Cir. 1994) (table); see also Database Am., Inc. v. Bellsouth 4 Advert. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'").  Because Sheehan is inappropriately using his motion to reargue the same claims, the motion

---

[1] As stated in the July 30, 2021 Memorandum, a potential remedy for Sheehan's claims of bias and errors of law is an appeal of the sentencing court's denial of his § 2255 motion or an authorized second or successive § 2255 motion. (Doc. 5 at 6).  Sheehan explains that he would "prefer [to] resort to appealing the [§] 2255" motion, but seemingly asserts that the sentencing court is biased.  (Doc. 13 at 3).

for relief from judgment will be denied.  Moreover, Sheehan has not established a

"mistake" warranting relief.

### III.    **Conclusion**

We will deny Sheehan's Rule 60(b) motion for relief from judgment.  (Doc.

13).  An appropriate order shall issue.


/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:        June 9, 2022